# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

---

**AMONTRE O'BRIAN ROSS,**

        **Plaintiff,**

        v.                                                 Case No. 19-CV-622

**MATTHEW KELLNER, et al.,**

        **Defendants.**

---

## ORDER GRANTING PLAINTIFF'S REQUEST TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING THE FILING FEE AND RECOMMENDING THAT THE ACTION BE DISMISSED

---

Currently pending before the court is plaintiff Amontre O'Brian Ross's Request to Proceed in District Court without Prepaying the Filing Fee. Having reviewed Ross's request, the court concludes that he lacks the financial resources to prepay the fees and costs associated with this action. Therefore, his Request to Proceed in District Court without Prepaying the Filing Fee will be granted.[1]

---

[1] Ross is a resident of Mendota Mental Health Institute. It appears he is detained at the facility after having been found not guilty of first-degree reckless homicide due to mental disease or defect in Milwaukee County Circuit Court, *see* case number 2017CF000459, available at https://wcca.wicourts.gov. As a result, he is not a "prisoner" for purposes of the Prison Litigation Reform Act, 28 U.S.C. § 1915(h). *Banks v. Robert*, No. 16-cv-720-pp, 2017 U.S. Dist. LEXIS 69899, at *5 (E.D. Wis. May 8, 2017) (citing *Kolocotronis v. Morgan*, 247 F.3d 726, 728 (8th Cir. 2011)).

Because the court is granting Ross's Request to Proceed in District Court without Prepaying the Filing Fee, it must determine whether the complaint is legally sufficient to proceed. 28 U.S.C. § 1915. Congress sought to ensure that no citizen would be denied the opportunity to commence a civil action in any court of the United States solely due to poverty. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992) (quoting *Adkins v. E. I. DuPont de Nemours & Co.*, 335 U.S. 331, 342 (1948)). However, Congress also recognized that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 324 (1989)). To balance these competing concerns, before the court can allow a plaintiff to proceed in forma pauperis it must determine that the case neither (1) is frivolous or malicious, (2) fails to state a claim upon which relief may be granted, nor (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Thus, although "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), a pro se complaint must meet these minimal standards before the court shall grant a plaintiff leave to proceed in forma pauperis.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton*, 504 U.S. at 31; *Neitzke*, 490 U.S. at 325. Although factual allegations must be weighed in favor of the plaintiff, that does not mean that the court is required to accept

2

without question the truth of the plaintiff's allegations. *Denton*, 504 U.S. at 32. Thus, a court may dismiss a claim as frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," "wholly incredible," or "based on an indisputably meritless legal theory." *Id.* at 32-33. A court may not dismiss a claim as frivolous simply because "the plaintiff's allegations are unlikely." *Id.*

A claim might not be frivolous or malicious but nonetheless fail to state a claim upon which relief may be granted and, therefore, be subject to dismissal. In determining whether a complaint is sufficient to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), the court applies the same well-established standards applicable to a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *DeWalt v. Carter*, 224 F.3d 607, 611 (7th Cir. 2000).

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Although the allegations in a complaint need not be detailed, a complaint "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks, citation, and brackets omitted). The complaint must be sufficiently detailed "to give the defendant fair notice of what the claim is and the grounds upon

3

which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)) (quotation marks and ellipses omitted).

If the complaint contains well-pleaded non-frivolous factual allegations, the court should assume the veracity of those allegations and "then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. "Determining whether a complaint states a plausible claim for relief will … be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

With the standards set forth in 28 U.S.C. § 1915(e)(2) in mind, the court turns to the allegations raised in Ross's complaint. Ross seeks to sue his fifth-grade teacher who, at some point during the 1999-2000 school year, asked to retain poems that Ross had written. The teacher apparently never returned the poems. He contends that this "selfish," "highly insensitive," and "predatory" act may have "completely change[d] the trajectory of the many loved ones around [Ross]" because if the poems had been returned he "may have made an affirmative pivot towards such full time artistry." (ECF No. 1 at 3.) Ross demands

> full ownership of any and all copyrights, publishings associated [with] its distributions and any and everything that manifested because of. Every dollar made from the works should be rightfully awarded to me, minus any interest. $100,000 pain and suffering is also asked for in consideration of everything that was when factoring in socio economic disadvantages being a young Black man in the inner city of Milwaukee.

4

(ECF No. 1 at 5.)

The court cannot discern any plausible legal claim in Ross's complaint. There is no suggestion that Ross's fifth-grade teacher ever published Ross's poems, much less benefitted financially from any publication. Moreover, even if Ross could adequately plead the element of a copyright infringement claim, such a claim would seem to be barred by the three-year statute of limitations for such claims, *see* 17 U.S.C. § 507(b). At best, Ross alleges that his fifth-grade teacher retained possession of Ross's work, which does not suggest any legal claim that is cognizable in federal court.

**IT IS THEREFORE ORDERED** that the plaintiff's Request to Proceed in District Court without Prepaying the Filing Fee (ECF No. 2) is **granted**.

**IT IS FURTHER RECOMMENDED** that Ross's complaint and this action be **dismissed** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Your attention is directed to 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2) whereby written objections to any recommendation herein or part thereof may be filed within fourteen days of service of this recommendation. Failure to file a timely objection with the district court shall result in a waiver of your right to appeal.

Dated at Milwaukee, Wisconsin this 15th day of May, 2019.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge